Darryl C. Carter
690 Albany Avenue, Apt. 2K
Brooklyn, NY 11203-2155
Phone: (469) 664-7728
Email: dcclawinfo@legalhotwater.com

*Attorney Pro Se for Plaintiff*

RECEIVED

FEB 18 2025

U.S. DISTRICT COURT
DISTRICT OF R.I.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

*Darryl C. Carter*,

       Plaintiff,

    vs.

*Citizens Financial Group, Inc.,*
*Citizens Bank, N.A., Does 1-25*


       Defendant(s)

Case No.:


**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

  1. Conversion
  2. I.I.E.D.
  3. Gross Negligence

28 U.S.C. § 2201


**JURY TRIAL DEMANDED**

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Darryl C. Carter vs. Citizens Financial Group Inc., et al., Case No:

Darryl C. Carter vs. Citizens Financial Group Inc., et al., Case No:

1
2          TABLE OF CONTENTS
3
PARTIES..................................................................................2

JURISDICTION AND VENUE..................................................3

FACTUAL BACKGROUND.......................................................4

CAUSES OF ACTION..............................................................6

   COUNT I (Conversion) (Damages, Declaratory Relief; Injunctive Relief)..........6

   COUNT II (I.I.E.D) (Damages, Declaratory Relief; Injunctive Relief)..............10

   COUNT III (Gross Negligence) (Damages, Declaratory Relief; Injunctive Relief)..................................................................13

PRAYER................................................................................18

## PARTIES

### 1.

*Darryl C. Carter* is a natural person and the plaintiff in this action.

Plaintiff's current address is 690 Albany Avenue, Apt. 2K, Brooklyn, NY

11203-2155.

### 2.

Defendant *Citizens Financial Group, Inc.,* ("CFG"), is a Delaware

corporation and the bank holding company for *Citizens Bank, N.A.*

("CB"). Defendant **CFG** has its principal/corporate address located

within this judicial district at address: **One Citizens Plaza, Providence,**

**Rhode Island 02903**. Defendant **CB** has its headquarters or main

2

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Darryl C. Carter vs. Citizens Financial Group Inc., et al., Case No:

1 office within this judicial district located at: **One Citizens Bank Way,**

2
3 **Johnston, Rhode Island 02919.**

4
                                          3.

5
6          Upon information and belief, defendant(s) DOES 1-25 is/are

7
8 employees/contractors/workers of CFG/CB in the form of retail, back

9 office and/or third party hired "Cleaning staff," who may have a

10
11 political involvement via the Diversity, Equity, and Inclusion practices

12
13 of the CFG/CB giving rise, in whole or part, to the claims herein.

14 Plaintiff does not know the identity of said DOES; but rather following

15
16 some discovery and before the closure of pre-trial matters, plaintiff will

17
18 amend the complaint with the true and correct identity of any such

19
20 individuals.

21
22                          **JURISDICTION AND VENUE**

23                                          4.

24          Plaintiff brings this action per 28 U.S.C. § 1332. Venue is

25
26 appropriate per 28 U.S.C. § 1391 (b) (1).

27
28

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

**FACTUAL BACKGROUND**

5.

On January 26, 2024 plaintiff did remit a letter via certificate of mailing to Defendants CFG/CB opting out of any and all arbitration *related to his personal checking account. Plaintiff paid the* $2.00 fee for the certificate of mailing as issued by the United States Post Office ("USPS") James A. Farley main branch located @ 421 8th Avenue, New York, NY 10001.

6.

On or around August 5, 2024 plaintiff did send written correspondence to Defendants CFG/CB via its authorized representative by the name of 'Victor' – no last name provided. Plaintiff complained of issues with the servicing of his account which states in pertinent part: "***As best as I can discern, your retail branch problem is rooted in your Diversity, Equity, and Inclusion practice...***"

7.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Darryl C. Carter vs. Citizens Financial Group Inc., et al., Case No:

4

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

**Darryl C. Carter vs. Citizens Financial Group Inc., et al., Case No:**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Since the August 5, 2024 retail bank incident, ante, directed to the attention of 'Victor' plaintiff has experienced several issues with the availability and/or access of his personal account(s) dubbed by defendants CFG/CB as technical glitches, whereas plaintiff characterized such issues as Cybercrime and/or breach of his records via bank insider personnel.

8.

On or around January 24, 2025 plaintiff submitted a complaint to the Consumer Financial Protection Bureau ("CFPB") complaining of a breach to his private account related information and the relationship to the same with the persistent pattern of "Floater" employee(s) or workers, at many of its branches, giving rise to social engineered fraud schemes/scams involving the defendants CFG/CB. Plaintiff called for a remedy of a criminal investigation into the internal workings of defendants CFG/CB by the CFPB and/or referral to the United States Department of Justice.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

9.

On February 10, 2025 @ 2:28 pm, plaintiff did make a call to defendant CB regarding the persistent pattern of inability to access his personal account via mobile, desktop, or telephone banking. During said exchange plaintiff spoke with a phone representative by the name of Oscar who could not explain why plaintiff's account was inaccessible resulting in defendants CFG/CB directly imposed restrictions on plaintiff's ability to access and control his liquid assets.

10.

## CAUSES OF ACTION
## COUNT I
### (CONVERSION)
### (DAMAGES, DECLARATORY RELIEF; INJUNCTIVE RELIEF)
### (Asserted Against Defendants CFG, CB, and DOES 1-25)

11.

Plaintiff alleges and incorporates ¶¶ 1-9 as though fully set forth herein. Additionally, plaintiff incorporates Exhibit A attached hereto and attests to the same as authentic, true, and correct copies of said documentation.

6

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

12.

Plaintiff has voiced a number of concerns, more than a dozen, with the operations of defendants CFG/CB including horrible customer service, floating workers/employees without name badges or otherwise non-compliance with industry standards as to identifying bank employees/workers. At least two (2) of such complaints went to the top of the food chain via defendants CFG/CB executive office(s) in Providence, Rhode Island.

13.

The relationship with CFG/CB has become increasingly strained given plaintiff's complaints of Cybercrime, social engineered fraud, and/or data breaches which ultimately gave rise to plaintiff complaining to the CFPB about defendants CFG-CB behavior(s). Since on or around February 8, 2025 plaintiff has had no ability to access his *personal checking account with defendants CFG/CB and per such* account restrictions plaintiff has lost control over his assets in the account. Defendants never in any way shape or form made contact

7

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1  with plaintiff to explain or justify the unlawful restrictions placed on

2

3  plaintiff's assets.

4                                          14.

5

6      Defendants CFG/CB have taken control or dominion of

7  plaintiff's assets which it knew or should have known such

8

9  action(s) were not only unlawful but would cause harm to plaintiff

10  and did cause harm and injury to plaintiff. Plaintiff was using the

11  CFG/CB One Deposit account feature as a means of controlling

12

13  plaintiff's banking costs by waiving fees in as much as the One

14  Deposit per month requirement was met. Now, plaintiff is forced

15

16  to pay fees with the establishment of another bank in his local

17  area with wide branch accessibility which most, if not all of such

18

19  banks, with wide branch visibility come stacked with a range of

20  fees. Thus, plaintiff is now forced to pay bank fees coupled with

21

22  the loss of plaintiff's assets in his CFG/CB account to which

23  plaintiff never consented to CFG/CB taking control over the same

24

25  and therefore causing immediate harm to plaintiff's unequivocal

26  right to control and access of his liquid assets as consistent with

27

28

8

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

federal regulations of financial institutions *i.e.* banking institutions

since defendant CFG/CB is not a federal [charted] credit union.

15.

Moreover, just recently on or around February 12, 2025

plaintiff lost access to his mobile phone number which he had for

years, now, because of CFG/CB's restrictions on plaintiff's

financial assets thereby prohibiting plaintiff from paying for his

mobile phone service which was due and payable on February 11,

2025.

16.

Defendants CFG/CB unlawful behavior via taking control over

*plaintiff's liquid assets is the direct and proximate cause* of plaintiff's

injuries for which he seeks compensatory and punitive damages along

with equitable relief in the form of declaratory and/or injunctive relief

given the irreparable harm occasioned upon plaintiff at the hands of

the defendants CFG/CB.

17.

**Darryl C. Carter vs. Citizens Financial Group Inc., et al., Case No:**

9

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff seeks compensatory damages of $100,000, and punitive damages as will be determined by a jury at trial. Additionally plaintiff seeks an injunction both temporarily, preliminary, and permanently barring defendants CFG/CB from exercising control over plaintiff's liquid assets, both now, and forward looking.

18.

## COUNT II
### (I.I.E.D)
#### (DAMAGES, DECLARATORY RELIEF; INJUNCTIVE RELIEF)
### (Asserted Against Defendants CFG, CB, and DOES 1-25)

19.

Plaintiff alleges and incorporates ¶¶ 1-9 as though fully set forth herein. Additionally, plaintiff incorporates Exhibit A attached hereto and attests to the same as authentic, true, and correct copies of said documentation.

20.

Defendants CFG/CB's conversion with respect to plaintiff's liquid assets, ante, has given rise to extraordinary and extreme emotional

10

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1  distress on behalf of plaintiff. In fact, plaintiff has been left all but

2
3  defenseless dealing with CFG/CB as it thought it appropriate to

4
5  retaliate against plaintiff for his complaints to the CFPB, which on its

6  face is exceptionally egregious and heinous. Furthermore, such

7
8  egregious behavior is supported given the fact the the CFPB is mostly

9  a political agency which uses its unchecked power to harass entities

10
11  over which it dissents in its behaviors and secures favors for those with

12
13  which it favors and has collusive hand washing relationships.

14  Defendants CFG/CB's relationship with the CFPB is the latter.

15
16                                    21.

17
18      Defendants CFG/CB conversion behavior, ante, has thrown

19
20  plaintiff's financial situation into chaos with plaintiff having no strategy

21  as to the management of his personal finances thereby giving rise to

22
23  bill payment issues and credit concerns with the panic to open another

24  *banking relationship with wide availability of branches for cash*

25
26  deposits and withdrawals. Defendants CFG/CB's actions shock the

27
28  conscience of the reasonable man who would never expect to have his

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

assets taken control over via his bank thereby causing unparalleled uncertainty and financial mayhem. Clearly defendants CFG/CB believe federal regulations do not apply to them and its relationship with the kangaroo entity *i.e.* the CFPB overrides its regulatory obligations. Plaintiff differs.

22.

Defendants CFPB/CB knew or should have known that its actions were not only unlawful but would likely cause financial disarray coupled with the fact that Defendants CFG/CB took these action as a way to inflict injury for plaintiff's complaints to the CFPB thereby flexing the might of its political clout with the CFPB. Defendants CFG/CB's actions are the direct and proximate cause of plaintiff's injuries for which plaintiff seeks compensatory damages in excess of $300,000 and punitive damages as a jury may award at trial.

23.

Furthermore, plaintiff seeks declaratory and/or injunctive relief declaring that defendants CFG/CB knowingly and intentionally took

Darryl C. Carter vs. Citizens Financial Group Inc., et al., Case No:

12

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

control over plaintiff's assets with the intent to inflict harm as no

reasonable person would expect anything other than extraordinary

emotional distress to flow from said conduct. Plaintiff further seeks to

enjoin (temporarily, preliminarily, and permanently) the continuance

of the unprecedented unlawful behavior on behalf of CFG/CB with the

exercising control and dominion over plaintiff's liquid assets coupled

with said issues of reoccurring Cybercrime and social engineered fraud

schemes/scams derived from defendants CFG/CB's failure(s) to

manage and control its retail branches, its back office, and the flow of

suspect individuals in and out of its retail branches.

24.

## COUNT III
### (GROSS NEGLIGENCE)
### (DAMAGES, DECLARATORY RELIEF; INJUNCTIVE RELIEF)
### (Asserted Against Defendants CFG, CB, and DOES 1-25)

25.

Plaintiff alleges and incorporates ¶¶ 1-9 as though fully set forth

herein. Additionally, plaintiff incorporates Exhibit A attached hereto

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

and attests to the same as authentic, true, and correct copies of said documentation.

26.

Defendants CFG/CB have demonstrated a pattern and/or practice in want of even ordinary care consistent with federal regulations as it pertains to the management of its retail branches and back office staff. Defendants CFG/CB's egregious negligence, in the the failure to manage its retail branches and back office staff, has manifested via several instances involving Cybercrime which CFB/CB sought to recast as "Technical glitches." For example on or around November 6, 2024 plaintiff reported instances of fraudulent charges via Microsoft Corporation which lead to the closure of his debit card as requested but was followed by gross incompetence on behalf of CFG/CB in that the bank issued two (2) debit cards (on different days) as a *replacement (for the one card), neither of which arrived, via* plaintiff's residence, with the ability to be activated -- even after speaking to a CFG/CB representative on the telephone. Moreover, no representative

14

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

was able to explain why neither of the cards were not able to be activated. Plaintiff was forced to enter the branch in Brooklyn near Nostrand Ave (which location has been plagued with social engineered scams, schemes, and issues pertaining to fraud) to obtain a debit card in person. During the in person card issuance process, the onsite representative recast the previous card failure to activate incidents,ante, as "Technical glitches," albeit the in person card issuance did not have a "Technical glitch." To the contrary the "Technical glitches" were the lies of CFG/CB which were in fact Cybercrime related incidents per internal instances of fraud and/or identity theft.

27.

Defendants CFG/CB's issues with extremely negligent management of its retail branches giving rise to the CFPB complaint, *which included an attachment, illustrates how social engineered scams* and fraud were transpiring within its retail branches including "Cleaning staff" entering the branch in New York City, NY during

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

plaintiff's second to last visit in which the cleaning staff entered the office of the assistant branch manager with which plaintiff was discussing personal and private issues about his account, and this was in the middle of the work day @ or around 2:45 pm. This is highly unusual conduct as legitimate cleaning staff by banking industry standards are on contract to clean the premises after regular operating hours not during the work day disruptive to consumer banking clients and their interactions with the bank, let alone exposing opportunities to would be thieves as to the capture of private information via plaintiff's conversation with banking workers/staff. And this incident is further compounded with the fact that none of the staff at the New York City, NY location were regularly staffed at that location and without a branch manage who quit two (2) days prior *i.e.* floaters.

28.

*As retaliation for plaintiff's complaints to the CFPB per ¶ 30,* CFG/CB took control or dominion over plaintiff's liquid assets without even the slightest care in the world as to the harm that

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

**Darryl C. Carter vs. Citizens Financial Group Inc., et al., Case No:**

1 would come to plaintiff or even the common courtesy to notify

2 plaintiff of the same and even worse to persistently maintain

3

4 control over plaintiff's liquid assets. No reasonable person would

5 expect to learn by accident that his financial institutional

6

7 *unlawfully seized control of his liquid assets with such a high*

8 degree of negligence bordering intent. Defendants CFG/CB's

9

10 extraordinary negligence is the direct and proximate cause of

11 plaintiff's injuries and damages for which plaintiff seeks

12 compensatory damages of $300,000 and punitive damages as a

13

14 jury may award at trial. *Plaintiff further seeks declaratory and*

15 injunctive relief. With respect to declaratory relief a declaration

16

17 that defendants conduct in not consistent with federal regulations

18 and in want of even ordinary care. Plaintiff further seeks to enjoin

19

20 the continued dominion and control over his accounts and to

21 *further enjoin defendants CFG/CG from entertaining weak*

22

23 computer and technology systems giving rise to Cybercrime; to

24 enjoin against the gross negligence in failing to control and/or

25 manage the caliber of individuals flowing through its retail

26

27 branches which often invade the privacy of other clients and

28 *which can and do give rise to social engineered crimes such as*

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

identity theft, bank account information (including debit and credit card) breaches and so forth.

29.

**PRAYER**

**JURY TRIAL DEMANDED**

**WHEREFORE**, Plaintiff prays for judgment against defendants and others as follows:

**Regarding the first claim of relief (Conversion)**

1)      Plaintiff seeks compensatory damages of $100,000.

2)      Plaintiff seeks a declaration that defendants CFG/CB have exercised blatant unlawful control and dominion over plaintiff's *account(s) and liquid assets; that defendants CFG/CB's conversion was in want of even ordinary care and inconsistent with federal banking* regulations.

3)      Plaintiff seeks punitive damages as may be awarded by a jury at trial.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

*Darryl C. Carter vs. Citizens Financial Group Inc., et al., Case No:*

**4)**     Plaintiff seeks to enjoin defendants CFG/CB against the unlawful dominion and control over plaintiff's account(s) and assets with CFG/CB both current and forward looking; to enjoin against the social engineered conditions giving rise to fraud, identity theft, and customer account holder data information breaches; to enjoin against the practice of weak or inadequate computer and information technology systems and services which contribute directly or indirectly to Cybercrime; to enjoin against the practice(s) of sub-standard management and control over its retail branches and back office staff while concurrently leveraging its Diversity, Equity, and Inclusion ("D.E.I") political policies which are or could be contributory towards all of the issues giving rise to the claims in this Complaint.

**Regarding the second claim of relief (I.I.E.D):**

1)     Plaintiff seeks exceptional emotional distress damages of $300,000.

19

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Darryl C. Carter vs. Citizens Financial Group Inc., et al., Case No:

**Darryl C. Carter vs. Citizens Financial Group Inc., et al., Case No:**

2)     Plaintiff seeks punitive damages as my be awarded by a jury at

trial.

3)     Plaintiff seeks a declaration that defendants CFG/CB have

exercised blatant unlawful control and dominion over plaintiff's

account(s) and liquid assets; that defendants CFG/CB's conversion was

in want of even ordinary care and conduct inconsistent with federal

banking regulations.

4)     Plaintiff seeks to enjoin against the unlawful dominion and

control over plaintiff's account(s) and assets with defendants CFG/CB

both current and forward looking; to enjoin against the social-

engineered conditions giving rise to fraud, identity theft, and customer

account holder data information breaches; to enjoin against the

practice of weak or inadequate computer and information technology

systems and services which contribute directly or indirectly to

*Cybercrime; to enjoin against the practice(s) of sub-standard*

management and control over its retail branches and back office staff

while concurrently leveraging its Diversity, Equity, and Inclusion

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Darryl C. Carter vs. Citizens Financial Group Inc., et al., Case No:

1  ("D.E.I") political policies which are or could be contributory towards all

2
3  of the issues giving rise to the claims in this Complaint.

4  **Regarding the second claim of relief (Gross Negligence):**

5
6
7  1)    Plaintiff seeks compensatory damages of $300,000.

8
9  2)    Plaintiff seeks punitive damages as my be awarded by a jury at

10  trial.

11
12  3)    Plaintiff seeks a declaration that defendants CFG/CB have

13
14  exercised blatant unlawful control and dominion over plaintiff's

15  account(s) and liquid assets; that defendants CFG/CB's conversion was

16
17  in want of even ordinary care and inconsistent with federal banking

18
19  regulations.

20  4)    Plaintiff seeks to enjoin CFG/CB against the unlawful dominion

21
22  and control over plaintiff's account(s) and assets with CFG/CB both

23
24  current and forward looking; to enjoin against the social engineered

25  conditions giving rise to fraud, identity theft, and customer account

26
27  holder data information breaches; to enjoin against the practice of

28

21

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

weak or inadequate computer and information technology systems and services which contribute directly or indirectly to Cybercrime; to enjoin against the practice(s) of sub-standard management and control over its retail branches and back office staff while concurrently leveraging its Diversity, Equity, and Inclusion ("D.E.I") political policies where are or could be contributory to all of the issues giving rise to the claims in this Complaint.

**<u>Regarding all claims for relief:</u>**

1)     An order for all defendants to pay any and all of plaintiff's costs pursuant this action, including attorney fees, to the extent incurred, pursuant the work expended for this action.

2)     Equitable recovery of plaintiff's time pursuing this action.

3)     Any further relief that the Court deems just and proper.

DATED: February 13, 2025

Darryl C. Carter, *Plaintiff*

22

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**